UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENEE REESE, on behalf of herself and other persons similarly situated, | |
| Plaintiff | CIVIL ACTION NO. |
| v. | JUDGE |
| MARKETRON BROADCAST SOLUTIONS, INC., et al., | MAGISTRATE |
| Defendants | *Removed from the Civil District Court for the Parish of Orleans, State of Louisiana* |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF LOUISIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Marketron Broadcast Solutions, Inc. ("Marketron") hereby removes to this Court the above entitled action based upon the following grounds:

1. On or about February 5, 2018, Plaintiff commenced an action in the Civil District Court for the Parish of Orleans, State of Louisiana, by filing a Class Action Petition ("Petition") captioned <u>Renee Reese v. Marketron Broadcast Solutions, Inc.</u>, Docket No. 2018-01149, Division M, Section 13 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings and process served on Marketron are attached hereto at <u>Exhibit A</u>.[1]

---

[1] Previously, on September 28, 2017, Plaintiff filed a putative class action complaint asserting the same claims against Marketron and additional defendants in the United States District Court for the Eastern District of Louisiana, C.A. No. 17-9772, in a case pending before the Hon. Sarah S. Vance. In those prior proceedings, Judge Vance granted motions to dismiss Plaintiff's complaint, with prejudice, as to certain other defendants. (DN 36.) Marketron also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (6), but Plaintiff mooted that motion by amending its complaint. (DN 38.) Thereafter, Plaintiff and Marketron entered into a joint stipulation setting a schedule for briefing of Marketron's anticipated motion to dismiss Plaintiff's amended complaint and, if necessary,

2. On or about February 13, 2018, Marketron's registered agent Corporation Service Company ("CSC") was served by certified mail with a copy of the Summons and Petition in the State Court Action at its address at 251 Little Falls Drive, Wilmington, DE 19808. Marketron received notice of the Summons and Petition on or about February 14, 2018.

3. Removal is timely under 28 U.S.C. § 1446(b), as fewer than 30 days have elapsed since Marketron was served with process. See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-51 (1991) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

4. In her Petition, Plaintiff has asserted a one-count claim for relief against Marketron pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). See Exhibit A, Petition at 8-9.

5. The TCPA is a federal statute which sets forth numerous restrictions concerning advertising and/or telemarketing text message calls to individuals' cellular telephones without prior express consent. *See generally* 47 U.S.C. § 227.

6. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this matter as the Plaintiff's claims under the TCPA arise under the laws of the United States.

7. Venue is proper in this court pursuant to 28 U.S.C. § 98 because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

---

Plaintiff's motion for class certification, which Judge Vance approved on January 18, 2018. (DN 41.) Pursuant to the Court's scheduling order, Marketron filed a second motion to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) & (6) on January 30, 2018, because Plaintiff lacked standing and her complaint failed to plead a claim for relief. (DN 47.) Rather than oppose Marketron's second motion, Plaintiff unilaterally filed a notice of voluntary dismissal on February 5, 2018 (DN 49), and **that same day** re-filed a substantially identical complaint in Louisiana state court.

8.      Removal of this action to this Court is proper under 28 U.S.C. § 1441 because it is a civil action founded upon a claim or right arising under the laws of the United States. See, e.g., Mims v. Arrow Financial Services, LLC, 565 U.S. 368, 386-87 (2012) (holding that private TCPA claims arise under federal law, and therefore federal courts have federal question jurisdiction over TCPA claims, notwithstanding concurrent state court jurisdiction); Rivet v. Regions Bank of Louisiana, 522 U.S. 470 (1998) (defendant may remove to federal district court under federal question jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").[2]

9.      As the United States Supreme Court has recognized, because claims under the TCPA arise under federal law, a Defendant sued in state court is "free to remove those cases to federal court under 28 U.S.C. § 1441."  See Mims, 565 U.S. at 386-87 (noting that TCPA class actions are routinely removed from state court, including "65 TCPA claims removed to federal district courts in Illinois, Indiana, and Wisconsin" over the period under review).  In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff and will be filed with the Clerk of Courts for the Civil District Court for the Parish of Orleans, following the filing of this Notice.

10.     Removal of this action to this Court is also proper under 28 U.S.C. §§ 1332(d) and 1453 because it is a putative class action where Plaintiff has alleged that (a) there are at least 100 putative class members; (b) the plaintiff is a citizen of a different state from the defendant; and (c) the aggregated amount in controversy is likely to exceed $5,000,000, exclusive of interests and costs. See 28 U.S.C. §§ 1332(d).

---

[2]  Mims overruled the Fifth Circuit's prior holding that Congress did not create federal question jurisdiction over private claims brought under the TCPA.  See Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507, 511 (5th Cir. 1997), abrogated by Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012).

11. Here, the requirements for removal pursuant to 28 U.S.C. §§ 1332(d) and 1453 are satisfied because Plaintiff alleges she is a citizen of Louisiana and that Marketron is a citizen of Idaho and that there are "thousands" of consumers in the United States who fall into the definition of the Class. See Petition at ¶¶ 48-49. In addition, Plaintiff seeks up to $1,500 in damages for Marketron's alleged transmission of "numerous" calls to each of the "thousands" of Class members nationwide. Id. at ¶¶ 34, 58-59. Assuming, conservatively, that the Class contains a minimum of 2,000 members, each of whom received at least 2 calls, the aggregated amount in controversy would be at least $6,000,000. See Clean Air Council v. Dragon International Group, C.A. No. 1:CV-06-0430, 2006 WL 2136246, at *3-4 (M.D. Pa. 2006) (concluding class action amount in controversy satisfied where defendant used "conservative estimate" of 20,000 potential TCPA class members – alleged in Complaint to be in the tens of thousands – and multiplied by statutory TCPA damages); see also Raskas v. Johnson & Johnson, 719 F.3d 884, 888 (8th Cir. 2013) (quoting Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").[3]

12. In submitting this Notice of Removal, Marketron reserves all defenses, including but not limited to, whether Plaintiff has standing; whether her Petition states a claim under the TCPA; and whether class certification is appropriate.

---

[3] The Petition alleges that Marketron sent at least two texts to each putative class member. See, e.g., Petition at ¶¶ 17, 21.

WHEREFORE, Defendant Marketron hereby removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ Raymond C. Lewis
John Jerry Glas (#24434)
Duris L. Holmes (#17629)
Raymond C. Lewis (#31236)
Victor M. Jones (#34937)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  504-581-5141
jerry@deutschkerrigan.com
dholmes@deutschkerrigan.com
rlewis@deutschkerrigan.com
vjones@deutschkerrigan.com
*Attorneys for Marketron Broadcast Solutions, LLC*

**Certificate of Service**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via notice of electronic filing, email, fax or by placing same in the U.S. Mail, properly addressed and postage prepaid, this 26th Day of February, 2018.

/s/ Raymond C. Lewis
Raymond C. Lewis